UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL D. BOOTH,

    Plaintiff,

v.

    Case No. 22-cv-10166
    Hon. Matthew F. Leitman

SCOTT FINK, *et al.*,

    Defendants.
_____/

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No. 49) AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AS MOOT (ECF No. 1)**

When Plaintiff Earl Booth filed this action in January of 2022, he was employed by the Michigan Department of Corrections ("MDOC"). In his Complaint, he seeks only (1) a declaration that a policy governing the use of social media by MDOC employees ("Social Media Policy") violates the First Amendment and (2) an injunction barring enforcement of the Social Media Policy against him. He names as Defendants only Scott Fink, a (now-former) MDOC Internal Affairs Investigator, and Heidi Washington, the director of MDOC, and he sues both of them solely in their official capacities.

In February of 2024, the MDOC terminated Booth's employment. As Booth acknowledges, since he is no longer employed by the MDOC and no longer subject

1

to the Social Media Policy, his claims challenging the policy are moot. (*See* Mot., ECF No. 49, PageID.708.) The Court will therefore dismiss Booth's Complaint without prejudice.

Booth says that instead of dismissing his Complaint, the Court should permit him to amend it. To that end, Booth has filed a motion for leave to file an Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (See Mot., ECF No. 49.) In Booth's proposed Amended Complaint, he adds four new Defendants and at least five new claims. He again asserts claims against Washington in her official capacity, but he has deleted the official-capacity claim against Fink, and he has added personal capacity claims against both Washington and Fink. The bulk of Booth's new claims relate to alleged acts that occurred after he filed his Complaint. More specifically, the new claims largely focus on alleged retaliation that the new Defendants and Washington directed toward Booth in response to Booth engaging in protected First Amendment activity. Booth's original Complaint (with exhibits) was 17 pages long (*see* Compl., ECF No. 1); his proposed Amended Complaint (with exhibits) is 80 pages long. (See Proposed Am. Compl., ECF No.

The Court will deny Booth's motion for leave to file an Amended Complaint. As an initial matter, the motion is actually a motion for leave to file a supplemental pleading under Rule 15(d) of the Federal Rules of Civil Procedure, rather than a motion for leave to amend under Rule 15(a). The difference between an amended

2

pleading and a supplemental one is that an amended pleading adds allegations concerning acts and omissions that occurred before the original pleading was filed, whereas a supplemental pleading adds allegations concerning "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d).  Booth's proposed amended pleading is most properly treated as a supplemental pleading, rather than an amended pleading, because most of the new allegations and new claims relate to alleged acts and omissions that occurred after his Complaint was filed.

Motions to file supplemental pleadings are governed by the same liberal standards that govern motions to file amended pleadings. *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002).  But the Court concludes that even under those forgiving standards, supplementation would not be appropriate here.  Booth's proposed supplemental pleading strikes the Court as more like a new lawsuit than a supplement to his original claims.  He proposes to triple the number of Defendants and number of claims, to seek new forms of relief, and to sue two of the original Defendants in different capacities.  Moreover, Booth's proposed amended pleading shifts the focus of the lawsuit.  What began as a challenge to the legality of the Social Media Policy has morphed into a lawsuit seeking redress for specific alleged acts and omissions taken against Booth – both under the policy and otherwise.  Under

3

these circumstances, the most sensible course of action is for Booth to file a new action.

Accordingly, for the reasons explained above, Booth's Motion for Leave to File First Amended Complaint (ECF No. 49) is **DENIED**, and Booth's Complaint (ECF No. 1), which is now moot, is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated: September 10, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 10, 2024, by electronic means and/or ordinary mail.

        s/Holly A. Ryan
        Case Manager
        (313) 234-5126